UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOVANNY ARMANDO RUEDA, | Case No.  1:26-cv-03705  (VC) |
| Petitioner, | **ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER** |
| v. | |
| TONYA ANDREWS, WARDEN OF THE GOLDEN STATE ANNEX, *et al.*, | Re: Dkt. No. 2 |
| Respondents. | |

This matter is before the Court on Petitioner Jovanny Armando Rueda's Motion for a temporary restraining order. Respondents have submitted a response, and Petitioner filed a reply. Dkt. 8, 9. For the reasons that follow, the motion is denied.

## I.    BACKGROUND

Petitioner is a native and citizen of Mexico, who was granted legal permanent resident status on June 6, 2016. Dkt. 8-5 at 3. On May 15, 2025, Petitioner was convicted by the Nevada Clark County District Court for Attempted Battery with Substantial Bodily Harm (Category D Felony/Gross Misdemeanor) in violation of NRS 200.481 and NRS 193.153, and sentenced to "a minimum of nineteen (19) months and a maximum of forty-eight (48) months in the Nevada Department of Corrections[.]" Dkt. 8-4 at 1 (cleaned up). This sentence, however, was suspended, and Petitioner was "placed on a probation for a fixed term of Twenty-Four (24) months." *Id*.

Petitioner was subsequently arrested by U.S. Immigration and Customs Enforcement ("ICE") on October 7, 2025 and issued a Notice to Appear charging him with being subject to

removal under Immigration and Nationality Act ("INA") section 237(a)(2)(A)(iii), as having been convicted of an aggravated felony as defined by sections 101(a)(43)(F) and 101(a)(43)(U) of the INA. Dkt. 8-1 ¶ 9. Petitioner's removal proceedings remain pending. *See id*. ¶18.

## II.    DISCUSSION

Petitioner challenges his continued detention on the grounds that he is being unlawfully detained under 8 U.S.C. § 1225(b)(2), and that his prolonged detention without an individualized bond hearing—which has now surpassed seven months—violates due process. Dkt. 1 ¶¶ 23, 27. Referring to Petitioner's conviction for attempted battery, Respondents argue that he is subject to mandatory detention under 8 U.S.C. § 1226(c)(1), as he is deportable for being convicted of a crime of violence as defined by 8 U.S.C. § 1101(a)(43)(F). Dkt. 8 at 3. In his reply, Petitioner argues that 8 U.S.C. § 1226(c)(1) does not apply to him because his criminal conviction and sentence do not meet the statutory definition of § 1101(a)(43)(F). The Court, however, finds that Petitioner has not shown a strong likelihood that 8 U.S.C. § 1226(c)(1) is inapplicable.

Under 8 U.S.C. § 1226(c)(1), "[t]he Attorney General shall take into custody any alien who … is deportable by reason of having committed" an aggravated felony. 8 U.S.C. § 1226(c)(1)(B) (incorporating 8 U.S.C. § 1227(a)(2)(A)(iii)). Aggravated felony is defined in 8 U.S.C. § 1101(a)(43)(F), which mandates that a conviction meet two requirements. First, the conviction must be "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or … is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 16. Second, "the term of imprisonment [must be] at least one year." 8 U.S.C. § 1101(a)(43)(F). Petitioner first contends that because his 19-month sentence was suspended, and he was only required to serve 24 months of probation, the second element of § 1101(a)(43)(F) is not satisfied. In essence he argues that the phrase "term of imprisonment" as used in § 1101(a)(43)(F) refers to the time actually served by Petitioner, rather than the sentence imposed by the trial court.

The text of § 1101(a) does not support this reading. Under 8 U.S.C. § 1101(a)(48)(B),

"[a]ny reference to a ***term of imprisonment*** or a sentence with respect to an offense is deemed to include the period of incarceration or confinement ordered by a court of law ***regardless of any suspension of the imposition or execution of that imprisonment*** or sentence in whole or in part." 8 U.S.C. § 1101(a)(48)(B) (emphasis added). Here, Petitioner was "SENTENCED to a MINIMUM of NINETEEN (19) MONTHS and a MAXIMUM of FORTY-EIGHT (48) MONTHS in Nevada Department of Corrections (NDC), with THIRTY-FOUR (34) DAYS CREDIT FOR TIME SERVED." Dkt. 8-4 at 1 (emphasis in original). This sentence, however, was "SUSPENDED" and Petitioner was placed on PROBATION for a FIXED TERM of TWENTY-FOUR (24) MONTHS." *Id*. (emphasis in original). As Petitioner's sentence was over a year (19-months), the one-year requirement of § 1101(a)(43)(F) is satisfied, "regardless of [his] suspension of the imposition" of that sentence. 8 U.S.C. § 1101(a)(48)(B).

Second, Petitioner contends that NRS 200.481 is a "wobbler" statute, allowing the court to sentence as either a misdemeanor or a felony, and that he was convicted of a misdemeanor. Dkt. 9 at 6. Where an individual is convicted of a misdemeanor under NRS 200.481, the maximum sentence is 364 days in county jail—i.e., under the one-year threshold set in § 1101(a)(43)(F). *Id*. But the record before the Court indicates that Petitioner was convicted of a felony. For one, the sentencing court did not impose a misdemeanor sentence. Rather, the sentencing document indicates that Petitioner was sentenced to a 19 – 48 month suspended sentence, rather than the 364-day misdemeanor sentence Petitioner references. Dkt. 8-4 at 1. Additionally, Petitioner's plea agreement notes that "[b]oth parties stipulate to Felony treatment." *Id*. at 4. Petitioner has not pointed to any document in the record indicating that he was convicted of a misdemeanor, rather than a felony.

Finally, Petitioner contends that the first element of § 1101(a)(43)(F) is not satisfied because NRS 200.481 is not a crime of violence under *Borden v. United States*. Dkt. 1 ¶ 38. In *Borden*, the Supreme Court addressed whether a criminal offense with a mens rea of recklessness can qualify as a violent felony under the Armed Career Criminal Act's elements clause, which— like § 1101(a)(43)(F)—covers offenses that have "as an element the use, attempted use, or

threatened use of physical force against the person of another." *Borden v. United States*, 593 U.S. 420, 424 (2021) (quoting 18 U.S.C.A. § 924). A plurality held that the elements clause did not encompass offenses criminalizing reckless conduct. *Id*. at 445. Following *Borden*, Petitioner argues that because NRS 200.481 is a general intent crime which criminalizes intent to *use* force, rather than *cause* bodily harm, it sweeps in conduct below the *Borden* threshold which requires more than reckless conduct. Dkt. 1 ¶¶ 38–42. This argument, however, was rejected by the Ninth Circuit in *Villagomez v. McHenry*, which held "that the completed version of N.R.S. § 200.481(2)(b) is categorically a crime of violence[]" under § 1101(a)(43)(F) post-*Borden*. 127 F.4th 113, 122 (9th Cir. 2025).

The Court therefore cannot conclude that Petitioner has raised "serious questions" going to the merits of his habeas claims, as it appears that 8 U.S.C. § 1226(c)(1) mandates his detention. Consequently, the Court declines to analyze the remaining *Winters* factors.

For the reasons explained above, Petitioner's motion for a temporary restraining order is denied. The parties are ordered to meet and confer and file a proposed schedule for briefing the merits of the habeas petition by June 1, 2026.

**IT IS SO ORDERED.**

Dated: May 29, 2026

_____
VINCE CHHABRIA
United States District Judge

4