UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOVANNY ARMANDO RUEDA,<br>Petitioner,<br>v.<br>TONYA ANDREWS, *et al*.,<br>Respondents. | Case No. 1:26-cv-03705 (VC)<br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**<br>Re: Dkt. No. 1 |

Petitioner Jovanny Armando Rueda is an immigration detainee proceeding with a writ of habeas corpus alleging that his current detention without bond—which has now reached over eleven months—violates his right to due process, warranting his immediate release. The Court previously denied Petitioner's application for emergency relief ("TRO"), finding that 8 U.S.C. § 1226(c)(1) appears to mandate his detention, and ordered that the parties submit further briefing addressing the merits of the underlying petition. *See Rueda v. Andrews*, No. 1:26-CV-03705 (VC), 2026 WL 1506843 (E.D. Cal. May 29, 2026). For the reasons that follow, the Court DENIES the petition without prejudice.

## I. BACKGROUND

The facts relevant to the petition are largely laid out in the Court's Order denying Petitioner's Motion for a Temporary Restraining Order. In sum, Petitioner was granted legal permanent resident status on June 6, 2016. Dkt. No. 8-5 at 3. On May 15, 2025, Petitioner was convicted by the Nevada Clark County District Court for Attempted Battery with Substantial Bodily Harm (Category D Felony/Gross Misdemeanor) in violation of NRS 200.481 and NRS 193.153, and sentenced to "a minimum of nineteen (19) months and a maximum of forty-eight

(48) months in the Nevada Department of Corrections[.]" Dkt. No. 8-4 at 1 (cleaned up). This sentence, however, was suspended, and Petitioner was "placed on a probation for a fixed term of Twenty-Four (24) months." *Id*.

Petitioner was subsequently arrested by U.S. Immigration and Customs Enforcement ("ICE") on October 7, 2025 and issued a Notice to Appear charging him with being subject to removal under 8 U.S.C. § 1227(a)(2)(A)(iii) as having "been convicted of an aggravated felony as defined in sections 101(a)(43)(F) and 101(a)(43)(U) … for which the term of imprisonment ordered is at least one year." Dkt. No. 8-2 at 1. Following his placement in removal proceedings, Petitioner was served with several notices indicating that hearings to determine his deportability had been scheduled. Neither party has indicated why Petitioner has had multiple hearings scheduled—for example, whether his hearings are being rescheduled due to the Government or Petitioner seeking continuances. His first hearing was set for December 4, 2025, and hearings were later set for March 18, 2026, April 16, 2026, and May 14, 2026. *See* Dkt. No. 8-7; Dkt. No. 8-8; Dkt. No. 8-9; Dkt. No. 8-10. Based on the Executive Office of Immigration Review website, Petitioner's next hearing is set for November 2, 2026.

## II. DISCUSSION

The parties previously briefed, and the Court addressed, Petitioner's claim that he may not be mandatorily detained under 8 U.S.C. § 1226(c)(1). The Court sees no reason to depart from its prior order finding that Petitioner's initial detention was lawful under § 1226(c)(1) as Petitioner was convicted of Attempted Battery and charged as subject to removal under 8 U.S.C. § 1227(a)(2)(A)(iii)) based on that conviction. *See Rueda*, 2026 WL 1506843, at *2; Dkt. No. 8-2 at 1.

Petitioner's arguments to the contrary are unpersuasive. At bottom, Petitioner argues that his charge of removability under § 1227(a)(2)(A)(iii), and the mandatory detention it triggered under § 1226(c)(1), was wrong. *See* Dkt. No. 13 at 4–8. However, whether Petitioner is removable under § 1227(a)(2)(A)(iii) and, therefore, subject to detention under § 1226(c)(1) is ultimately for the Immigration Court to decide in a *Joseph* hearing, not for this Court. At a

*Joseph* hearing, Petitioner "may avoid mandatory detention by demonstrating that he is not [a noncitizen], was not convicted of the predicate crime, or that the INS is otherwise substantially unlikely to establish that he is in fact subject to mandatory detention." *See Demore v. Kim*, 538 U.S. 510, 514 n.3 (2003) (citing 8 C.F.R. § 3.19(h)(2)(ii) (2002)). The *Joseph* hearing process enables Petitioner to challenge his mandatory detention under § 1226(c)(1), and the Immigration Court has the expertise necessary to develop the record and reach a proper decision—a step which appears necessary here, as Petitioner argues at length that he is not subject to detention under § 1226(c)(1). *See Rakeshkumar H.P. v. Warden, California City Corr. Ctr.*, No. 1:26-CV-02869-MWJS, 2026 WL 1146201, at *1 (E.D. Cal. Apr. 28, 2026) ("while Petitioner contends that his classification under § 1226(c)(1)(A) is incorrect, a challenge of that nature must be raised, at least in the first instance, with immigration authorities rather than with a court").

This, however, does not end the due process inquiry. The Supreme Court has not directly addressed the constitutionality of prolonged detention in the context of an as-applied challenge to § 1226(c)(1), however, the Ninth Circuit has expressed "grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so." *Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018). Accordingly, numerous district courts have found that unreasonably long detention periods may violate the due process clause. *See Keo v. Chestnut*, No. 1:26-cv-01192-DJC-CSK, 2026 WL 747117 (E.D. Cal. Mar. 17, 2026); *Abdul-Samed v. Warden of Golden State Annex Det. Facility*, No. 1:25-CV-00098-SAB-HC, 2025 WL 2099343 (E.D. Cal. July 25, 2025); *Martinez v. Clark*, No. C18-1669-RAJ-MAT, 2019 WL 5968089, at *6 (W.D. Wash. May 23, 2019) (citation omitted), *report and recommendation adopted*, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019) (noting that "essentially all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, 'will—at some point—violate the right to due process.'").

To determine if Petitioner's due process rights have been violated by his nearly eleven-

month detention without a bond hearing, the Court must answer two questions: "the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." *Garcia v. Andrews*, No. 2:25-CV-01884-TLN-SCR, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025).

Petitioner has a clear liberty interest in securing his freedom from detention. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Petitioner was initially detained in October 2025 and has remained in custody for over eleven months without the opportunity to contest the necessity of his continued detention. As Petitioner has been deprived of the liberty secured by the Due Process Clause and this deprivation may continue for a protracted and indefinite period as his removal proceedings are still ongoing, Petitioner has established his liberty interest. *See Zadvydas*, 533 U.S. at 690, 693.

Having established that Petitioner has a protected liberty interest, the Court must determine whether Petitioner is entitled to further process under the Constitution. Courts in this Circuit have weighed the following factors to ascertain when prolonged detention pursuant to § 1226(c) violates the Due Process Clause: "(1) the total length of detention to date; (2) the likely duration of future detention; (3) whether the detention will exceed the time the petitioner spent in prison for the crime that made [them] removable; (4) the nature of the crimes the petitioner committed; (5) the conditions of detention; (6) delays in the removal proceedings caused by the petitioner; (7) delays in the removal proceedings caused by the government; and (8) the likelihood that the removal proceedings will result in a final order of removal." *Martinez v. Clark*, No. C18-1669-RAJ-MAT, 2019 WL 5968089, at *7 (W.D. Wash. May 23, 2019), *report and recommendation adopted*, No. 18-CV-01669-RAJ, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019).

Though the length of Petitioner's detention weighs in his favor, the Court cannot find on this record that Petitioner has made a showing with respect to the remaining factors. *See Yagoub*

*v. LaRose*, No. 3:26-CV-00914-JLS-JLB, 2026 WL 673799, at *2 (S.D. Cal. Mar. 10, 2026) (finding Petitioner's detention of "nearly eight months" without a bond hearing weighed in Petitioner's favor); *Amado v. United States Dep't of Just.*, No. 3:25-CV-02687-LL-DDL, 2025 WL 3079052, at *5 (S.D. Cal. Nov. 4, 2025) (explaining that "[c]ourts have found detention over seven months without a bond hearing weighs toward a finding that it is unreasonable" and collecting cases); *Lopez v. Garland*, 631 F. Supp. 3d 870, 879–80 (E.D. Cal. 2022) (finding fact that detention had spanned twelve months weighed in favor of granting bond hearing). Petitioner has not pointed to any facts with respect to these factors—nor even argued that he is entitled to a bond hearing based on them. Rather, the majority of his petition is premised on the argument that § 1226(c)(1) does not apply to him, which the Court rejected above. Accordingly, the Court cannot find on this record that Petitioner is entitled to habeas relief without further evidence that his detention has become indefinite or that it has become unconstitutionally prolong given his particular situation.

## III. CONCLUSION AND ORDER

For the foregoing reasons, the petition is denied without prejudice. The Clerk of Court is directed to close this case and enter judgment for Respondents.

**IT IS SO ORDERED.**

Dated: September 30, 2026

VINCE CHHABRIA
United States District Judge